THOMAS J. PEER and others *vs.* JOSEPH COOKEROW.

After decree, if the defendant or his representative have an interest in the further prosecution of the suit, the suit may be revived at his instance.

A defendant having a beneficial interest may exhibit a bill of revivor for the purpose of appealing from decree.

The mere fact that three years have elapsed since the signing of decree, cannot be set up on demurrer to the bill of revivor.

The objection arising from lapse of time is a mere matter of limitation, which must be pleaded, even though the objection appear upon the record.

---

*B. Williamson,* for demurrant.

*Attorney General,* contra.

THE CHANCELLOR. The complainant in the original suit having died after decree, and her interest in the subject matter of the suit being vested in her devisee,

the defendants in the original bill have filed a bill, in the nature of a bill of revivor, to revive the suit in favor of the devisee. To this bill there is a general demurrer for want of equity.

It appears upon the face of the bill of revivor that the sole design of reviving the suit is that an appeal may be taken from the decree. But if the parties have the right of appeal, and if the revival of the decree is necessary for the purpose of appeal, they must have the right to revive the suit. The complainants in the bill of revivor are the parties aggrieved by the decree, and have therefore the right of appeal. *Nix. Dig.* 98, § 80.

After a decree the defendants, as well as the plaintiffs, are entitled to a bill of revivor; and although originally the right appears to have been restricted to those cases in which the defendant had, or was supposed to have, a beneficial interest in the decree, yet it is now well settled that if the defendant or his representative have an interest in the further prosecution of the suit the suit may be revived at his instance. 1 *Mitford's Pl., by Jeremy* 79, and note *q; Lord Stowell* v. *Cole,* 2 *Vern.* 219, (*Raithby's ed.,* note 1); *Horwood* v. *Schmedes,* 12 *Vesey* 311.

" The good sense is when the defendant can derive a benefit from the further proceeding he may revive, unless there is a general rule against it." *Williams* v. *Cooke,* 10 *Ves.* 406.

A defendant's right of appeal cannot be defeated by the complainant's death after the decree. He has the same interest to revive after the decree that the complainant had before, *viz.* the maintenance of his just rights. It was at one time deemed necessary, where the suit abated after the appeal was taken, to revive the suit in the court below; the practice now is for the appellate tribunal to make the order. 1 *Daniel's Ch. Pr.* 1648.

It is urged that the time for appealing has expired, and therefore the parties can derive no benefit from further proceeding. But this does not appear upon the record, and

M*

therefore is not the subject matter of demurrer. Besides, if the demurrant could avail himself of mere matter *in pais*, the parties aggrieved by the appeal may have been infants, feme covert, or insane. The mere fact, therefore, that three years have elapsed since the signing of the decree does not warrant the conclusion that the right of appeal is gone. The objection, moreover, arising from lapse of time is a mere matter of limitation, which must be pleaded, even though the objection appear upon record. A writ of error will not be quashed upon motion, even though it appear to have been brought more than twenty years after judgment. 2 *Strange* 837, 1055; 1 *Archb. Prac.* 209.

The objection raised upon the argument for want of proper parties cannot prevail. The parties to the original decree who are not made parties to the present suit have no real interest in the controversy. A bill of revivor merely substantiates the suit, and brings before the court the parties necessary to see to the execution of the decree and to be the objects of its operations. *Story's Eq. Pl.* § 376; *Cooper's Eq. Pl.* 71.

The demurrer is overruled.